#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### AIKEN DIVISION

| | |
|---|---|
| Bobby Joe Arflin,                )<br>                                              )<br>            Petitioner,          )<br>                                              )<br>    v.                                    )<br>                                              )<br>Warden Michael Stephan,   )<br>                                              )<br>                                              )<br>            Respondent.         )<br>_____) | Civil Action No. 1:21-cv-00542-RMG<br><br><br><br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 33) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 21) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

**I.     Background**

In August 2015, Petitioner was found guilty of murder and possession of a weapon during the commission of a violent crime and on three counts of solicitation/solicitation to commit a felony. (Dkt. No. 20-3 at 11-13). Petitioner appealed the convictions. (*Id.* at 23). The South Carolina Court of Appeals confirmed Petitioner's convictions. (*Id.* at 70-71). Petitioner did not appeal further, and a remittitur was issued on August 11, 2017. (*Id.* at 72).

On October 9, 2017, Petitioner filed a *pro se* application for post-conviction relief ("PCR"). (*Id.* at 73-79). Petitioner asserted claims for ineffective assistance of counsel, sentencing, and state misconduct. (*Id.* at 75). Petitioner was represented by counsel at a PCR evidentiary hearing, where counsel clarified that Petitioner was moving forward with claims that trial counsel was ineffective

1

for failing to investigate a bullet ricochet theory of defense and for advising Petitioner not to testify about the alleged ricochet. (*Id.* at 88-91).

The PCR court denied and dismissed Petitioner's PCR application in an order filed on October 17, 2019. (*Id.* at 127-40). Petitioner appealed the PCR court's denial with representation from appellate counsel. Appellate counsel filed a *Johnson* Petition for Writ of Certiorari with the South Carolina Supreme Court on whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when trial counsel failed to investigate whether one of the bullets fired by Petitioner in self-defense as the decedent was charging toward Petitioner ricocheted off a vehicle before striking the decedent in the buttocks. (Dkt. No. 20-5 at 3). Appellate counsel certified the petition was without merit and requested to be relieved as counsel. (*Id.* at 15.). Petitioner filed a *pro se* petition and motion to "address all issues." (Dkt. Nos. 20-6; 20-7). On September 21, 2020, the South Carolina Supreme Court denied Petitioner's petitions and motion, and granted appellate counsel's motion to be relieved. (Dkt. No. 20-7). The remittitur was issued on October 6, 2020. (Dkt. No. 20-8).

Petitioner now petitions *pro se* for federal habeas corpus relief, which Respondent moves to dismiss on summary judgment. (Dkt. No. 21). Petitioner responded to Respondent's motion for summary judgment (Dkt. No. 32) and filed objections to the R & R. (Dkt. No. 41). The matter is ripe for the Court's review.

## II. <u>Legal Standard</u>

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

2

636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner has filed objections, so the Court will review the R & R *de novo*.

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C. Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding

4

of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id*.

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Meaning, the petitioner "must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). This requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.    Discussion

After careful review of the R & R, Petitioner's objections to the R & R, and the record on summary judgment (Dkt. Nos. 1, 20, 21, 32, 33, 41) and construing the facts to the nonmovant's benefit, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Respondent's motion for summary judgment should be granted.[1]

---

[1] Petitioner objects to the R & R, asserting he met his burden under § 2254 as to either ground one, two, or three and that all grounds are cognizable. (Dkt. No. 41 at 3). Petitioner discusses each ground in turn, essentially re-arguing many of the issues. Petitioner has not demonstrated that the

5

Petitioner raises three grounds for relief. In ground one, Petitioner asserts that trial counsel was ineffective for failing to investigate whether one of two bullets fired from Petitioner's gun ricocheted off the decedent's car before hitting the decedent.

A petitioner may demonstrate ineffective assistance of counsel by showing the attorney's work was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it was unreasonable under the circumstances of the case and the then-prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Kimmelman*, 477 U.S. at 384. The *Strickland* test for ineffective assistance of counsel is, therefore highly deferential to the attorney. The standard for § 2254 relief is itself highly deferential to the state court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). As a result, when the state court adjudicated an ineffective assistance claim on its merits, the § 2254 district court's review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The district court's focus is "not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that [the petitioner's] counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The Magistrate Judge carefully evaluated ground one and concluded that habeas relief is not warranted. When rejecting this challenge, the PCR court found that trial counsel's testimony on this issue was more credible than Petitioner's. The PCR judge found Petitioner's testimony

---

PCR court's findings were based on unreasonable factual findings or an unreasonable application of federal law.

6

was self-serving because at trial he testified that he did not remember firing two shots at the decedent and that he fired two shots at decedent because he was acting in self-defense, yet at the PCR hearing Petitioner's testimony was more definite as to the shooting with no lapses in memory. (Dkt. No. 20-3 at 134). Trial counsel testified she could not recall discussing this ricochet theory with Petitioner. She testified that her investigation included visits to the crime scene multiple times and looking at the truck. She testified that she did not believe a ricochet theory would be helpful to Petitioner's defense. (Dkt. No. 20-3 at 108-109). The PCR court found that the record demonstrated trial counsel's investigation was adequate and thorough despite trial counsel's inability to recall whether she and Petitioner discussed the ricochet theory. (*Id.* at 135-136). The PCR court found that Petitioner failed to present evidence a bullet ricocheted off the victim's truck and that he merely speculated such a ricochet could have happened. (*Id.* at 134-135). The PCR court concluded it would have been reasonable for trial counsel not to further investigate the ricochet theory based on trial counsel's testimony she did not think a ricochet theory would have affected the defense. (*Id.* at 136-137).

In response to the motion for summary judgment, Petitioner argues that his testimony and trial counsel's testimony were contradictory in some regards. (Dkt. No. 32 at 10). The PCR Court acknowledged this and made a credibility determination that trial counsel's testimony was more credible than Petitioner's. Petitioner has not submitted any clear and convincing evidence to rebut the PCR court's finding of credibility. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1) (protecting state courts' factual judgments unless disproved in federal court by "clear and convincing evidence.")).

The Magistrate Judge correctly determined that Petitioner failed to demonstrate the PCR court's conclusion was based on either unreasonable factual findings or an unreasonable

7

application of federal law.  Respondent's motion for summary judgment is granted as to ground one of Petitioner's § 2254 petition.

In ground two, Petitioner asserts trial counsel was ineffective for advising him not to testify about the bullet ricochet theory.  The Magistrate Judge carefully evaluated ground two and concluded that habeas relief is not warranted. When rejecting this challenge, the PCR court considered the testimony of trial counsel.  Trial counsel testified that she normally never puts a client on the stand, but in Petitioner's case his testimony would have been the only way for the jury to hear Petitioner's self-defense. (Dkt. No. 20-3 at 116).  Trial counsel testified she could not remember whether Petitioner told her he wanted to testify about the bullet ricochet theory, but she would have discouraged the testimony because she believed it was not material to the case and was speculative. (*Id.* at 116-118).  She testified there was "absolutely no evidence" of a bullet ricochet and it would only show that Petitioner intentionally fired two shots from the gun in an act of alleged self-defense, but the elements of murder could have been proven by the prosecution notwithstanding any bullet ricochet.  (*Id.* at 116-118, 138).

The PCR court found trial counsel's advice was not deficient and trial counsel provided a reasonable and valid strategic reason for not eliciting testimony from Petitioner about his theory of the bullet ricochet.  (*Id.* at 138) (citing *Strickland*, 466 U.S. at 690) ("Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.")).  The PCR court found Petitioner's testimony likely would have been irrelevant, subject to cross-examination based upon the lack of evidence, and that Petitioner did not suffer any prejudice by not offering this testimony at trial.  (*Id.* at 138-139).

The Magistrate Judge correctly determined that Petitioner failed to demonstrate the PCR court's conclusion was based on either unreasonable factual findings or an unreasonable

application of federal law.  Respondent's motion for summary judgment is granted as to ground two of Petitioner's § 2254 petition.

In ground three Petitioner contends counsel was ineffective for failing to amend the PCR application, failing to file a Rule 59(e) motion, and failing to seek leave to file a post-hearing brief. The Magistrate Judge carefully evaluated ground three and determined the claim is not cognizable. Under the AEDPA, freestanding claims against PCR counsel are not cognizable in federal habeas corpus actions.  *See* 28 U.S.C. § 2254(i).  While the ineffective assistance of PCR counsel can constitute cause to overcome procedural default in limited contexts, Petitioner has failed to connect any alleged failures by PCR counsel to any underlying ineffective assistance of trial counsel claims.  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").  Respondent's motion for summary judgment is granted as to ground three of Petitioner's § 2254 petition.

## IV.    Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner has not demonstrated that the state court's rulings were objectively unreasonable.  Therefore, a Certificate of Appealability is denied.

V.     **Conclusion**

For the forgoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 33) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment.  (Dkt. No. 21).  The Court **DENIES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 21, 2022
Charleston, South Carolina